IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR101 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| JOSEPH JEWELL, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss filed by Joseph Jewell (Jewell) (Filing No. 14). Jewell is charged in an Indictment (Filing No. 1) with violating 18 U.S.C §§ 922(g)(3) and 924(a)(2) by knowingly possessing firearms while being an unlawful user of and addicted to a controlled substance. The indictment was filed on March 24, 2005, and an arrest warrant was issued the next day.

On March 31, 2005, the government moved for and obtained a Writ of Habeas Corpus Ad Prosequendum to secure Jewell's presence at an arraignment before the Court on April 5, 2005 (Filing Nos. 4 & 5). The transcript of the arraignment was filed July 11, 2005 (TR. - Filing No. 18). At that time, Jewell was serving a 180-day sentence at the Douglas County Correctional Center for a probation violation. **See** Filing No. 4; TR. 6. Jewell appeared at the April 5, 2005 arraignment pursuant to the previously-issued Writ of Habeas Corpus Ad Prosequendum. Jewell was represented by his retained counsel at the April 5, 2005 hearing (TR. 6).

During the arraignment proceeding, the government orally moved for detention of Jewell pending trial (TR. 5). Since Jewell was already serving a state sentence and was present before the Court pursuant to a writ, the Court held the government's motion for detention is "in abeyance pending the defendant coming into federal custody" (TR. 6). The Court further stated "[o]nce the defendant completes his state sentence and comes into federal custody, we'll then have a detention hearing to determine whether or not there are any conditions of release" (TR. 6). Upon further inquiry, Jewell, through his counsel, waived his

rights under the Interstate Agreement on Detainers ("IAD") and agreed to return to state custody (TR. 6).

An order was filed to reflect the matters addressed at the April 5, 2005 hearing. The order stated "[t]he government's motion for detention of Joseph Jewell pursuant to the Bail Reform Act is held in abeyance pending the defendant's coming into federal custody." The April 5 Order further noted Jewell's waiver of IAD rights, authorized the United States Marshal to return Jewell to the custody of Nebraska state authorities pending the final disposition of this matter, and ordered the United States Marshal for the District of Nebraska to place a detainer with the correctional officer having custody of Jewell. **See** Filing No. 7.

The April 5, 2005 progression order set trial before Judge Thomas Shanahan to begin on May 31, 2005. **See** Filing No. 8. On May 2, 2005, the case was reassigned to Judge Laurie Smith-Camp for trial on June 28, 2005. **See** Filing No. 11.

Jewell's pending motion to dismiss was filed on June 24, 2005. **See** Filing No. 14. Other than the government's April 5, 2005 oral motion for pretrial detention, no pretrial motions were filed. Further, no other tolling events under the Speedy Trial Act, 18 U.S.C. § 3161 (h), occurred between Jewell's arraignment and the filing of his motion to dismiss. Jewell never waived his right to a speedy trial. Including the day of April 5, 2005 and June 24, 2005, eighty-one days elapsed from the time of arraignment to the filing of a motion to dismiss.[1] Therefore, unless the government's April 5, 2005 oral motion for pretrial detention is a pending motion which tolled the counting of days under the Speedy Trial Act, this case was not tried within seventy days as required under the Act.

Jewell claims his rights under the Speedy Trial Act, 18 U.S.C. § 3156 have been violated, and this case must be dismissed. On July 6, 2005, a hearing was held on Jewell's motion to dismiss. At the close of the hearing, the motion was taken under advisement. **See** Filing No. 17.

---

[1] "The computation of the periods of exclusion . . . include both the day of commencement and the day of termination of the events or proceedings giving rise to the exclusions." Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended, 106 F.R.D. 271, 276 (1985) (relied on in ***United States v. Mancias***, 350 F.3d 800, 808 (8th Cir. 2003).

## LEGAL ANALYSIS

A defendant facing federal charges has both a Sixth Amendment right to speedy trial and statutory protection provided by the Speedy Trial Act, 18 U.S.C. § 3161. A defendant appearing before the federal court pursuant to a detainer may also exercise speedy trial rights under the Interstate Agreement on Detainers (IAD). Sixth Amendment, Speedy Trial Act, and IAD challenges for delay are independently reviewed. **United States v. Mauro**, 436 U.S. 340, 356 n.24 (1978) (where Speedy Trial Act and the IAD are both applicable to the defendant's case, the more stringent time limit is applied); **United States v. Brown,** 325 F.3d 1032 (8th Cir. 2003) (though IAD rights were waived, Sixth Amendment claim remained)**;** **United States v. Sprouts**, 282 F.3d 1037, 1041 (8th Cir. 2002) (Speedy Trial Act and Sixth Amendment claims are considered independently).

Jewell's motion to dismiss raises a Speedy Trial Act claim. Jewell does not claim a Sixth Amendment violation.[2] Moreover, Jewell appeared before the court pursuant to a writ, and there is no evidence of a detainer being lodged before the writ was issued. Under such circumstances, "a writ of habeas corpus ad prosequendum is not a detainer" for purposes of the [IAD]. **Mauro**, 436 U.S. 361. More importantly, when appearing before the court, Jewell chose to waive his IAD rights and return to state custody. Thus where, as here, the United States has not only proceeded by writ and not by detainer, but the defendant has waived his IAD rights, the government is not bound by the IAD's speedy trial provisions. Accordingly, this report and recommendation does not address any violation of Jewell's right to a speedy trial under the Sixth Amendment or the IAD. The analysis is limited to the issue presented; that is, whether the indictment must be dismissed under the Speedy Trial Act.

Under the Speedy Trial Act, a defendant must be tried within seventy days of indictment or of the day he first appears before the judge or magistrate judge, whichever is later. **United States v. Perez-Perez**, 337 F.3d 990, 994 (8th Cir. 2003). "When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the

---

[2]In rare circumstances, the Sixth Amendment right to a speedy trial may be violated even in the absence of a Speedy Trial Act violation. **United States v. Salimonu**, 182 F.3d 63, 69 (1st Cir. 1999).

3

defendant." *United States v Dezeler*, 81 F.3d 86, 89 (8th Cir. 1996) (18 U.S.C. § 3162(a)(2) ("indictment shall be dismissed on motion of the defendant" if seventy-day limit of the Speedy Trial Act is violated).  However, under 18 U.S.C. § 3161(h), certain time periods may be excluded from the calculation of days under the Act.  *Perez-Perez,* 337 F.3d at 994.  Section 3161(h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Section 3161(h)(1)(J) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

Interpreting the interplay between § 3161(h)(1)(F) and § 3161(h)(1)(J), the Supreme Court in *Henderson v. United States*, 476 U.S. 321, 329 (1986) distinguished between motions which require a hearing and motions which do not require a hearing.  If a motion requires a hearing, §3161(h)(1)(F) excludes all time between the filing of the motion and the conclusion of the hearing on the motion, irrespective of whether the delay in conducting the hearing was reasonable–the time spent waiting for a hearing is excluded "even if the delay is overlong, inexplicable, or unreasonable."  *United States v. Staula*, 80 F.3d 596, 601 (1st Cir. 1996) (**citing** *Henderson*, 476 U.S. at 329; *United States v. Johnson*, 29 F.3d 940, 942-43 (5th Cir. 1994); *United States v. Clymer*, 25 F.3d 824, 830-31 (9th Cir. 1994)).  If additional submissions are needed or permitted after the hearing is conducted, the time which elapses while the court awaits receipt of supplemental filings is also excluded under the Speedy Trial Act.  *Henderson*, 476 U.S. at 331.  Likewise, even when no hearing is required or held, the parties may nonetheless submit filings and arguments in support of or opposing the pretrial motion.  The time between the date the motion was filed and the date the parties' submissions were received by the court is excluded under the Act.  Once the court has conducted any hearing on the motion, and has received the parties' submissions, the motion is "under advisement."  Under § 3161(h)(1)(J), an additional period of up to thirty days is excluded after the case is under advisement to accommodate the court's prompt consideration and determination of the motion.

Any pretrial motion is excludable under § 3161(h)(1)(F). The effect of § 3161(h)(1)(F) is not limited to those motions enumerated in Federal Rule of Criminal Procedure 12(b)(2). **United States v. Moses**, 15 F.3d 774, 777 (8th Cir. 1994) (**quoting United States v. Hohn**, 8 F.3d 1301, 1305 (8th Cir. 1993) (**citing United States v. Wilson**, 835 F.2d 1440, 1443 (D.C. Cir.1987))). However, time is not excluded under the Speedy Trial Act simply because a court filing is labeled a "motion." Filings designated as motions which, in the absence of any dispute between the parties, need not be filed under the Federal Rules, and which do not request or require a court hearing or ruling will never be "under advisement" by the court. Such "motions" are not motions for the purposes of the Speedy Trial Act. **See, e.g. United States v. Mentz**, 840 F.2d 315, 328 (6th Cir. 1988) (where the defendant requested Rule 16 discovery by filing a "motion" for discovery, but no discovery dispute had arisen between the government and the defendant, the filing was, in reality, merely a formal Rule 16 request for discovery and not a pretrial motion for the purposes of the Speedy Trial Act).

The language of § 3161(h)(1)(F) allows the "delay resulting from" pretrial motions to be excluded when calculating time under the Speedy Trial Act. The term "delay resulting from" is interpreted broadly; excluding time under the Speedy Trial Act does not require proving the pretrial motion caused an actual delay of the trial. **United States v. Brim**, 630 F.2d 1307, 1312 (8th Cir. 1980). A contrary holding "would present extremely difficult practical questions of whether a particular motion did or did not actually delay the commencement of a trial . . . resulting in uncertainty for defendants as to their Speedy Trial status. . . ." **United States v. Stafford**, 697 F.2d 1368, 1371 (11th Cir. 1983) (collecting cases). This broad interpretation of "delay resulting from" could, however, lead to abuse of the pretrial motion process in order to avoid the impact of the Speedy Trial Act. A trial judge may not circumvent the terms and purpose of the Act by deliberately refusing to set a hearing and holding a defendant's motion in abeyance "until the conclusion of the trial." **Clymer**, 25 F.3d at 824 (where the trial judge held the defendant's motion to dismiss in abeyance until after the trial, the motion did not result in a trial delay; rather, the trial delay caused a delayed ruling on the motion); **see also United States v. Gambino**, 59 F.3d 353, 359 (2d Cir. 1995) (where hearing on motion to determine if government's evidence was tainted by immunized testimony in violation of **Kastigar v.**

*United States*, 406 U.S. 441 (1972), was postponed until the conclusion of trial, the time awaiting the hearing was not excluded under the Speedy Trial Act).

Acknowledging and discussing these fact-specific and possibly divergent rulings of the various circuit courts, the court in *Salimonu*, 182 F.3d at 69 sought to balance the need for certainty in calculating time under the Speedy Trial Act against the potential abuse of avoiding dismissal under the Act by setting delayed hearings on motions. *Salimonu* reconciled the various circuit court decisions and held "[a]s long as a hearing on the motion is to be conducted before trial, the delay until the hearing automatically should be considered delay 'resulting from' a pretrial motion." *Id.* (absent a showing of intent to evade the Speedy Trial Act, where the court held pretrial motions on difficult discovery issues in abeyance for two years before holding a hearing, the two-year time period awaiting a hearing was excluded under the Act). Absent showing the defendant attempted unsuccessfully to obtain hearings on pretrial motions, or hearings were "deliberately refused with intent to evade the Speedy Trial Act," the delays incurred awaiting pretrial hearings on motions are fully and automatically excludable. *Untied States v. Gonzales*, 897 F.2d 1312, 1316 (5th Cir. 1990). **But see** *United States v. Franklin*, 148 F.3d 451, 455-56 (5th Cir. 1998) (where the government's motions sought pretrial rulings on the admissibility of evidence, and the court deferred hearing these motions until trial, the Speedy Trial clock was tolled from the time of filing to the start of trial).

Based on the foregoing analysis, and as applied to the facts of this case, the crucial questions raised by Jewell's motion to dismiss for violation of the Speedy Trial Act include: 1) whether the government's motion for pretrial detention was a pretrial motion for the purposes of § 3161(h)(1)(F); 2) whether a hearing was required on this motion; and 3) whether the delay in completing the hearing on the motion for pretrial detention is excludeable in calculating time under the Speedy Trial Act.

The government's oral motion to detain Jewell, and its timing in raising the motion, conformed to and was regulated by federal statutory law. Under 18 U.S.C. § 3142(a) of the Bail Reform Act of 1984, "upon the appearance" before a judicial officer of a defendant charged with a federal offense, the judge or magistrate judge shall determine whether the

defendant should be released, released upon conditions, temporarily detained, or detained pending trial. If the government seeks to detain a defendant pending trial, it must move for pretrial detention at the defendant's first appearance before the court. ***United States v. Holloway***, 781 F.2d 124 (8th Cir. 1986).

The government's motion for detention is a "pretrial motion" within meaning of § 3161(h)(1)(F) of the Speedy Trial Act. ***Moses***, 15 F.3d at 777. The government may move to detain a defendant if the circumstances of a particular case involve (1) a crime of violence; (2) a maximum sentence of life imprisonment or death; (3) a maximum term of imprisonment of ten years or more in certain drug offenses; (4) two or more felony offenses which fit the foregoing criteria; (5) a risk of flight or (6) a serious risk of obstruction of justice. **See** 18 U.S.C. § 3142(f)(1) - (2). A court's ruling on a motion for pretrial detention relies upon a fact-specific inquiry as to whether any of the previously enumerated factors justify detention of the defendant prior to conviction. Any period of delay resulting from the government's motion for pretrial detention is excluded when calculating elapsed time under the Speedy Trial Act. ***Moses***, 15 F.3d at 777.

The court cannot rule on a motion for detention without a hearing. The Bail Reform Act seeks to balance the defendant's interest in freedom prior to conviction against society's interest in assuring the defendant's appearance at trial and the community's safety. ***Holloway***, 781 F.2d at 126. To that end, 18 U.S.C. § 3142(f) states the hearing on a motion to detain a defendant must be conducted "immediately upon the person's first appearance" before the court unless the defendant or the government seeks and obtains a continuance. ***United States v. Montalvo-Murillo***, 495 U.S. 711, 714 (1990) (quoting 18 U.S.C. § 3142(f)). During the hearing, a defendant "is entitled to be represented by counsel, present witnesses, testify on his own behalf, cross-examine government witnesses, and present additional evidence." ***Montalvo-Murillo***, 495 U.S. at 719 (**interpreting** 18 U.S.C. § 3142(f)).

At Jewell's April 5, 2005 arraignment, the court took judicial notice of Jewell's criminal record and the government argued for detention, but the complete Pretrial Services report was not yet available and the matter was held in abeyance, without objection by either party, before Jewell offered any argument or evidence on his own behalf. Therefore, although Jewell's

7

federal pretrial detention hearing was started on April 5, 2005, it was not finished that day and was held "in abeyance." The matter was therefore not taken under advisement, and no ruling was entered either denying or granting the government's motion for pretrial detention.

The remaining question is whether the time which elapsed while the motion for detention was held in abeyance is excludable under the Speedy Trial Act. The Eighth Circuit has held that the time period awaiting information, a hearing, and a ruling on a motion for pretrial detention is excludable under the Speedy Trial Act, (*Moses*, 15 F.3d at 777), but it has not addressed this issue where the ruling was held in abeyance for over two months. Delays encountered in awaiting a hearing are automatically excluded even if the delay was unreasonable, (*Henderson*, 476 U.S. at 329), provided the hearing was to be conducted before trial, the defendant had not attempted unsuccessfully to obtain hearings on the pretrial motion, and the court had not deliberately refused to conduct the hearing in an effort to circumvent the Speedy Trial Act. *Johnson*, 29 F.3d at 942-43; *Gonzales*, 897 F.2d at 1316; *Clymer*, 25 F.3d at 30-31.

The hearing on the government's motion for pretrial detention was not delayed to the start of trial, but only until Jewell was in federal custody, and "[o]nce defendant completes his state sentence and comes into federal custody, we'll then have a detention hearing to determine whether or not there are any conditions of release" (TR. 6). Jewell raised no comment or objection to holding the motion in abeyance until completion of his state sentence, and neither he nor his counsel has ever requested a hearing on the pretrial detention motion at any time since the April 5, 2005 hearing.

Jewell may argue the delayed hearing on the government's motion for pretrial detention was not merely unreasonable but violated the Bail Reform Act; any hearing delay which violates federal law cannot be excluded under the Speedy Trial Act; and unlawful hearing delays undermine the intent of the Bail Reform Act and evidence an attempt to evade the purpose of the Speedy Trial Act. Whatever the strength of these arguments may be in a different context, they have no merit under the facts of this case.

Under 18 U.S.C. § 3142(f), absent good cause shown, a hearing on a motion for pretrial detention may be continued up to five days upon defendant's motion or up to three

days upon the government's motion. A defendant may, however, waive his right to a prompt hearing. Moreover, the defendant's waiver or acquiescence in postponing a pretrial detention hearing may independently, or in combination with other circumstances, support a finding of good cause to continue the hearing.

In this case, Jewell appeared at his federal court arraignment pursuant to a writ of habeas corpus ad prosequendum, which afforded this court only temporary custody of Jewell. See **Munz v. Michael**, 28 F.3d 795, 798 (8th Cir. 1994) (**citing Sinito v. Kindt**, 954 F.2d 467, 469 (7th Cir 1992), **see also Flick v. Blevins**, 887 F.2d 778, 781 (7th Cir. 1989). The government then orally moved for pretrial detention. Where the government moves for detention of a person in state custody, the court may: 1) deny the motion without prejudice to refiling upon change of circumstances or the discovery of new evidence of danger or flight risk, (**Holloway**, 781 F.2d at 126; **United States v. Maull**, 773 F.2d 1479 (8th Cir. 1985)); 2) hold a provisional detention hearing, the result of which would be imposed when the defendant is in federal custody; or 3) postpone the hearing with the defendant's consent. **United States v. King**, 818 F.2d 112, 115 n.3 (1st Cir. 1987). If the defendant consents to postponing the hearing, he has waived the first appearance and timing requirements of § 3142(f). **Id**.; **United States v. Clark**, 865 F.2d 1433, 1437 (4th Cir. 1989) (defendants waived their statutory rights to an immediate detention hearing when they acquiesced to remaining in custody for their own protection). If the defendant objects to the continuance, the court must assess whether good cause exists for continuing the hearing. **King**, 818 F.2d at 115 n.3.

The record in this case establishes that Jewell made no comment and raised no objection to holding the federal detention motion in abeyance until Jewell was in federal custody. Instead, after the court stated the motion for pretrial detention would be held in abeyance, Jewell chose to return to state custody to complete the state sentence and waived any right to be federally detained and assert speedy trial rights under the IAD. Jewell thereby conveyed his consent to holding the motion for detention, and the completion of the hearing thereon, in abeyance until he was released from state custody.

Even absent this consent, good cause existed for the continuance. Since Jewell was in state custody and appeared at his federal arraignment pursuant to a writ, an immediate

federal detention hearing had no real meaning in terms of protecting and preserving Jewell's liberty interests, protecting the community, or securing his presence at trial. **See** *King*, 818 F.2d at 114. Accordingly, an April 5, 2005 pretrial detention order, whether for or against detention, would not have served the underlying purposes of the Bail Reform Act. Furthermore, the basis of a pretrial detention ruling made at or near the time of a defendant's first appearance in federal court, and while the defendant remains in state custody, cannot include factors which may arise during the months thereafter while the defendant is serving the state sentence. Both the parties' and the court's ability to consider current, complete, and potentially relevant information on the propriety of federal pretrial detention is undermined when a court grants or denies pretrial detention months before the order will be effective. Under these circumstances, good cause existed for holding Jewell's pretrial detention hearing in abeyance until Jewell was in federal custody, particularly where Jewell consented or acquiesced in this course of action.

Based on Jewell's consent and the existence of good cause to support an extended continuance, the Court concludes the timing requirements of 18 U.S.C. 3142(f) were not violated by holding the government's motion for pretrial detention in abeyance until Jewell was in federal custody and the parties could present a complete and current record for court consideration. Under the facts of this case, with Jewell already serving a 180-day state sentence at the time of the detention hearing, holding the motion for pretrial detention in abeyance supported the underlying purposes of the Bail Reform Act. Such ruling does not evidence any intent by the court or the government to avoid the requirements of the Speedy Trial Act by delaying a hearing on the motion.

The government's oral motion for pretrial detention remains pending, was never fully submitted, and has not been taken under advisement. The time expended awaiting a hearing on a motion for pretrial detention is excludable under the Speedy Trial Act. *Moses*, 15 F.3d at 777. Therefore, the days between April 5, 2005 and the date of Jewell's federal pretrial detention hearing, which will occur promptly upon Jewell's release from state custody, are excluded in calculating time under the Act. Since Jewell remains in state custody and his pretrial detention hearing has yet to occur, no trial days have passed for Speedy Trial Act

purposes. Therefore, Jewell's motion to dismiss for violation of the Speedy Trial Act should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP** that:

Joseph Jewell's motion to dismiss (Filing No. 14) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 9th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge