**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR101** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **JOSEPH JEWELL,** | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 45), and the Defendant's motion for downward departure (Filing No. 46). The government has adopted the PSR. (Filing No. 44.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 22 and 23 of the PSR.

## ¶ 22 - Lawful Sporting or Collection Purposes

The Defendant objects to ¶ 22, arguing that the base offense level should be 6 rather than 14 because the guns were possessed solely for lawful sporting purposes or collection. The government's version of the offense does not provide any such information, and the Defendant did not submit a version of the offense. At the change of plea hearing, the factual basis did not include any evidence of possession of the guns for lawful sporting or collection purposes. The Defendant's argument is that no evidence exists that the guns were possessed for an unlawful purpose; therefore, the Court should infer that the Defendant is entitled to the reduction in offense level. Additionally, the Defendant argues that this is a fact issue suitable only for a jury's determination.

The Court notes the *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *United States v. Booker,* 125 S. Ct. 738 (2005), argument for the record. This issue relates to a reduction in offense level and not an enhancement. Furthermore, even if the *Apprendi* and *Booker* argument related to the issue in question as an "enhancement," the Eighth Circuit Court of Appeals has recently decided that a district court may decide sentencing enhancements by a preponderance of the evidence. *United States v. Artis,* 2006 WL 73463, at *1 (8th Cir. Jan. 13, 2006).

U.S.S.G. § 2K2.1(b)(2) provides that a defendant's base offense level is 6 if, in a case such as this, the defendant "possessed all ammunition and firearms solely for lawful sporting or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." The guideline commentary further provides that "'lawful sporting purposes or collection' as determined by the surrounding circumstances" results in a base offense level of 6. U.S.S.G. § 2K2.1 app. n. 7. The commentary further provides:

> Relevant surrounding circumstances include the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.

*Id.*

The Defendant bears the burden of proving the application of § 2K2.1(b)(2). *United States v. Borer,* 412 F.3d 987, 993 (8th Cir. 2005). Because the issue involves factual matters to be determined, the standard used is by a preponderance of the evidence. *United States v. Alvarado-Rivera,* 412 F.3d 942, 949 (8th Cir. 2005), *cert. denied,* 2006 WL 37818 (U.S. Jan. 9, 2006) (No. 05-7790).

The Court notes that one handgun and nine long guns were found in Jewell's home during a sweep for domestic violence fugitives. Also found was slightly less than a gram of methamphetamine. The Court notes the 2003 prior gun-related conviction involving two counts of "manner of conveyance" (¶ 36). The Defendant has not stated, pursuant to ¶ 6 of the Order on Sentencing Schedule, that he intends to present evidence. However, the Court will allow the Defendant the opportunity to satisfy his burden and will hear the objection at sentencing.

### ¶ 23 - Enhancement for Number of Firearms

The Defendant argues that the enhancement must be decided by a jury. However, as stated above, the Court may decide this issue at sentencing by a preponderance of the evidence. *Artis,* 2006 WL 73463, at *1. The objection is denied.

### Motion for Downward Departure

Jewell has 10 criminal history points, resulting in placement in criminal history category V. The Defendant argues that his criminal history is overstated. *See* U.S.S.G. § 4A1.3. The Defendant's argument is based on his criminal history being a "series of acts involving a single female and violations of a single protection order involving the same female." (Filing No. 45.)

While the single female in question and a protection order are factors in three offenses (¶¶ 37, 39 and 40), the Defendant also accumulated two additional criminal history points for the offense described in ¶ 38 and 3 additional points for the offense listed in ¶ 41.[1] All of the offenses are serious, and the Court concludes that a downward

---

[1] The offense in ¶ 41 might relate to the single female in question; however, the PSR does not include details of the offense.

departure based on overstatement of criminal history is not appropriate. The motion indicates that the Defendant's argument might assert that the prior offenses are "related" as part of a single common plan or scheme. However, the Court concludes that the offenses cannot be considered "related" because they are separated by intervening arrests. U.S.S.G. § 4A1.2 app. n. 3. For these reasons, the Court acknowledges its authority to depart downward and declines to depart. The Defendant's motion is denied.

IT IS ORDERED:

1. The Defendant's Objection to ¶ 22 of the Presentence Investigation Report (Filing No. 45) will be heard at sentencing. If the parties will need more than one hour for the sentencing hearing, they shall immediately notify Edward Champion, tel. 661-7377, and reschedule the hearing;

2. The Court's tentative finding is that the Defendant's Objection to ¶ 23 of the Presentence Investigation Report (Filing No. 45) is denied;

3. The Defendant's Motion for Downward Departure (Filing No. 46) is denied;

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      6.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

      7.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of January, 2006.

                                             BY THE COURT:

                                             s/Laurie Smith Camp
                                             United States District Judge